# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ANDRE BROWN<br>1071 Powell Street<br>Norristown, PA  19401<br><br>                            Plaintiff,<br><br>   v.<br><br>ALUMINUM SHAPES, LLC<br>d/b/a SHAPES, LLC<br>9000 River Rd<br>Pennsauken, NJ 08110-3204<br><br>ALUMINUM SHAPES USA<br>CORPORATION<br>9000 River Rd<br>Pennsauken, NJ 08110-3204<br><br>SHAPES, LLC<br>9000 River Rd<br>Pennsauken, NJ 08110-3204<br><br><br>JOHN DOE, MARY DOE,<br>ABC PARTNERSHIPS, and<br>XYZ CORPORATIONS<br><br>                            Defendants. | CIVIL ACTION NO.: |

## COMPLAINT – CIVIL ACTION
## PREMISES LIABILITY

Plaintiff, ANDRE BROWN, by and through his attorney, Bruce M. Ginsburg, at Ginsburg & Associates, says by way of Complaint against Defendant, as follows:

**I.      PARTIES**

1.      Plaintiff, ANDRE BROWN, is an adult individual residing and domiciled at the above captioned address which is in the Commonwealth of Pennsylvania.  Plaintiff is a citizen of

Pennsylvania.

2.      Defendant, ALUMINUM SHAPES, LLC, d/b/a SHAPES, LLC (hereinafter "ALUMINUM SHAPES, LLC") is a New Jersey limited liability company or other legal entity with a principal place of business at 9000 River Road, Pennsauken, NJ 08110-3204, and whose member or members are all citizens of the State of New Jersey.

3.      Defendant, ALUMINUM SHAPES USA CORPORATION (hereinafter "ALUMINUM USA") is a New Jersey corporation or other legal entity with a principal place of business at 9000 River Road, Pennsauken, NJ 08110-3204, and is a citizen of New Jersey.

4.      Defendant, SHAPES, LLC (hereinafter "SHAPES, LLC") is a New Jersey corporation or other legal entity which is a resident of New Jersey with a principal place of business at 9000 River Road, Pennsauken, NJ 08110-3204, and is a citizen of New Jersey.

5.      Defendants, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and XYZ CORPORATIONS, are unknown at this time as is their present location.  Plaintiff, ANDRE BROWN, alleges that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be responsible for the causation of the accident.

## II.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States.

2.      Venue is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(2), in the United States District Court for the District of New Jersey Camden Vicinage because a

substantial part of the events giving rise to the claim occurred in this district.  More specifically, the injuries sustained by the Plaintiff occurred at the Defendants' address at 9000 River Road in Pennsauken, NJ.

3. The amount in controversy does exceed $75,000.00.

4. Plaintiffs hereby demand a trial by jury.

### III. FACTS

5. At all times material to this Complaint, Defendants, ALUMINUM SHAPES, LLC, ALUMINUM USA, SHAPES, LLC, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and/or XYZ CORPORATIONS, owned, operated, managed, and/or controlled the property located at 9000 River Road, Pennsauken, NJ 08110-3204.

6. Defendants, ALUMINUM SHAPES, LLC, ALUMINUM USA, SHAPES, LLC, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and/or XYZ CORPORATIONS, were responsible for the proper maintenance of the aforesaid store premises and real property, and to keep said premises safe for those lawfully upon the premises.

7. At all times material to this Complaint, Defendants, ALUMINUM SHAPES, LLC, ALUMINUM USA, SHAPES, LLC, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and/or XYZ CORPORATIONS, acted or failed to act by their respective agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with each respective Defendant, in furtherance of each respective Defendant's business and on its behalf.

8. On or about December 3, 2015, Defendants, ALUMINUM SHAPES, LLC, ALUMINUM USA, SHAPES, LLC, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and/or XYZ CORPORATIONS, so carelessly and/or negligently allowed a dangerous and defective

condition on the roof of the premises, consisting of a pipe and/or BX cable which was improperly secured and/or insulated and/or carrying live current when the power to the wires in the BX cable should have been shut off.

9. On or about December 3, 2015, while working as a roofer and while a business invitee and/or licensee at the above mentioned premises, Plaintiff, ANDRE BROWN, was shocked, electrocuted and/or jerked and jolted and/or caused to fall by reason of coming in contact with the aforesaid dangerous and defective condition, otherwise unprotected and/or unmarked, sustaining the injuries which form the basis of this action.

10. The aforesaid accident was due solely to the negligence and/or carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I – NEGLIGENCE
## ANDRE BROWN vs. ALL DEFENDANTS

11. Plaintiff, ANDRE BROWN, hereby incorporates paragraph by reference all of the above listed paragraphs as though fully set forth at length herein.

12. The negligence and/or carelessness of Defendants, ALUMINUM SHAPES, LLC, ALUMINUM USA, SHAPES, LLC, JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and/or XYZ CORPORATIONS, acting aforesaid, consisted of the following:

    a. Allowing and causing a dangerous and defective condition to exist at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

    b. Failing to remove said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully walking thereon;

    c. Failing to correct said dangerous condition of which Defendant knew or should have known and which constituted a danger to persons lawfully thereon;

   d. Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its invitees and/or licensees;

   e. Failing to provide and maintain an unobstructed and safe route of travel for Plaintiff;

   f. Failing to barricade or otherwise contain the area where said dangerous condition existed;

   g. Failing to warn persons on the premises of the existence of said dangerous condition of which Defendant knew or should have known;

   h. Disregarding the rights and safety of the Plaintiff; and

   i. Not shutting off the power and/or insuring that the power remained shut off.

13. As a result of this accident, Plaintiff, ANDRE BROWN, has suffered injuries which are or may be serious and permanent in nature, including traumatic injuries to his lower back including herniation at L2-L3, bulging at L3-L4 and L4-5, and lumbar radiculopathy, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

14. As a further result of this accident, Plaintiff, ANDRE BROWN, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

15. As a further result of this accident, Plaintiff, ANDRE BROWN, has suffered medically determinable physical and/or mental impairment which prevents the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

16. As a direct and proximate result of the aforementioned accident, Plaintiff,

ANDRE BROWN, has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

17. As a further result of the accident aforementioned, Plaintiff, ANDRE BROWN, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

18. As a direct and proximate result of the aforementioned accident, Plaintiff, ANDRE BROWN, has or may hereafter incur lost wages and/or a loss of earning capacity.

**WHEREFORE**, Plaintiff, ANDRE BROWN, demands judgment against the Defendant, LOWES, in an amount in excess of Seventy-Five Thousand ($75,000.00) for such actual damages, interest, costs of suit and counsel fees and such other relief as this Court deems just and equitable to reasonably and fairly compensate him.

**GINSBURG & ASSOCIATES**

DATED: 11/28/2017          BY:   *Bruce Martin Ginsburg*
                                  BRUCE MARTIN GINSBURG
                                  2112 Walnut Street
                                  Philadelphia, PA 19103
                                  (P)215-564-4400
                                  (F)215-564-4585
                                  bginsburg@ginsburg-law.com
                                  Attorney for Plaintiffs